E-FILED
Thursday, 09 June, 2005  01:08:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-30020 |
| | ) | |
| JEROME KINDLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

   This matter came before the Court on June 3, 2005, for Defendant Jerome Kindle's (Kindle) sentencing hearing.  Defendant Kindle was present in person and through his counsel, Jeffrey T. Page, and Jon Gray Noll.  The Government was present through Assistant United States Attorney David Risley.  On April 30, 2004, Kindle pled guilty pursuant to a written Plea Agreement (d/e 16) to the offenses of Possession of 5 or more Grams of Cocaine Base With Intent to Distribute (Count 6), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 8), in violation of 18 U.S.C. § 924(c)(1).

   The Court received a Revised Presentence Report (PSR), dated May

1

16, 2005, prepared by the United States Probation Office (USPO). The Government had no objection to the PSR. Defendant Kindle objected to: (1) his designation as a Career Offender under United States Sentencing Guidelines (U.S.S.G.) §§ 4B1.1(a) & (b)(A), due to prior criminal convictions set forth in ¶¶ 63 and 67 of the PSR, (2) the USPO's calculation of relevant conduct, as described in ¶¶ 7, 8, 9, 10, 13, 15, 16, 19, 20, 29, 34, 35, 36, 37 and 38 of the PSR, and (3) the alleged violation of the March 24, 2004, Cooperation Agreement between the Government and Defendant Kindle, also based on relevant conduct described in ¶ 43 of the PSR. For the following reasons, Defendant Kindle's arguments were overruled as to his designation as a Career Offender and the assessment of relevant conduct in ¶¶ 7, 8, 9, 10, 13, 15, 16, 19, 20, 34, 35, 36, 37, 38, 43, 63 and 67, but were sustained as to ¶¶ 29 and 43.

 A. <u>Career Offender Designation</u>

 Under U.S.S.G. § 4B1.1(a), a defendant qualifies as a Career Offender if:

> . . . (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a

crime of violence or a controlled substance offense. If a defendant qualifies as a Career Offender, U.S.S.G. § 4B1.1(b) may provide for an enhanced offense level, depending on the instant offense of conviction.

In the present case, the first two elements of the Career Offender test were undisputed. Defendant Kindle was at least eighteen at the time of the instant offense of conviction, and he pled guilty to a controlled substance offense. Defendant Kindle, however, argued that two of his prior convictions - for Involuntary Manslaughter and Second Degree Burglary - should not be counted as crimes of violence. A "crime of violence" is defined as any felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

Defendant Kindle's objections were without merit. In United States v. Hernandez, the Seventh Circuit concluded that, although not all involuntary manslaughter convictions qualify as a "crime of violence," any conviction that included "action almost destined to lead to serious injury or death" could qualify as a crime of violence. Hernandez, 309 F.3d 458, 462

3

(7th Cir. 2002) (internal quotations omitted). In the present case, Defendant Kindle was convicted of involuntary manslaughter for using a brick to hit the victim in the head, an action that could be expected to lead to either serious injury or death. See Court's Sentencing Exhibit (d/e 21), Amended Information. Therefore, Kindle's involuntary manslaughter conviction qualified as a "crime of violence" and his objection to ¶ 63 was overruled.

Further, Defendant Kindle's Second Degree Burglary conviction was also a "crime of violence." A "crime of violence" includes a burglary of a dwelling. U.S.S.G. § 4B1.2(a)(2). Defendant Kindle argued that his conviction was really for theft, not burglary, because he had permission to enter the dwelling and knew the owner's son. Further, Defendant Kindle denied committing the burglary, and he argued that he had only pleaded guilty to avoid further criminal liability. Defendant's Commentary on Sentencing Factors (d/e 20), pg. 4.

However, Defendant Kindle entered a guilty plea to Burglary in the Second Degree. The specific crime to which Defendant Kindle pleaded guilty was the burglary of an inhabitable structure. PSR ¶ 67. At the time Defendant Kindle pleaded guilty, one could be guilty of the offense of

4

Burglary in the Second Degree if one ". . . knowingly remain[ed] unlawfully in a building or inhabitable structure for the purpose of committing a crime therein", even if the perpetrator had permission to enter the building in the first instance. V.A.M.S. § 569.170.1 (1996). Therefore, Kindle's Burglary in the Second Degree conviction qualified as a "crime of violence," and his objection to ¶ 67 was overruled. The Court found that Defendant Kindle was a Career Offender under U.S.S.G. § 4B1.1.

B.   Relevant Conduct

The Court's finding that Defendant Kindle qualified as a Career Offender made his objections to the calculation of relevant conduct moot. Under U.S.S.G. § 4B1.1(b), Defendant Kindle's offense level was automatically elevated to 37, whereas the amount of relevant conduct for which Defendant Kindle was held accountable in the PSR only placed him at offense level 32. See PSR, ¶ 49; compare U.S.S.G. § 4B1.1(b), with U.S.S.G. § 2D1.1(c)(4), Comment n.10. The Court, however, in an abundance of caution, ruled on Defendant Kindle's relevant conduct objections as well.

Defendant Kindle's relevant conduct objections to ¶¶ 7, 8, 9, 10, 13, 34, 35, 36, 37, and 38 were overruled, due to the consistency of the

5

information provided by the confidential source, and the use of overhear devices to surveil the confidential source by the supervising agents. Defendant Kindle's relevant conduct objections as ¶¶ 15, 16, 19, and 20 were also overruled, because special agents were involved with substantiating the relevant conduct set forth in those paragraphs and there was no evidence challenging their credibility.

The Court sustained Defendant Kindle's objection, however, as to ¶ 29. The Court noted that Ms. Burrell's testimony changed between her February 4, 2003, and February 6, 2003, interviews with agents. This raised a question whether agents used information gathered from Defendant Kindle's February 4, 2003, interview to re-interview Ms. Burrell on February 6, 2003. Under Defendant Kindle's Cooperation Agreement, ". . . if information from [Defendant Kindle] reveals that a witness previously interviewed by the government has deliberately understated drug amounts, no subsequent information or testimony from that witness regarding higher amounts will be admissible against your client." Plea Agreement, attached March 24, 2004, Cooperation Letter from David Risley to Jon Noll and Jeffrey Page, ¶ 2, pg. 2. Giving Defendant Kindle the benefit of the doubt, the Court sustained his objection to the relevant conduct set forth in ¶ 29.

Further, Defendant Kindle's objection to ¶ 43, which summarized the USPO's calculation of relevant conduct, was also sustained for that portion of ¶ 43 that recounted the conduct set forth in ¶ 29.

C.  Sentencing

The Court accepted the PSR as written and adopted its findings, with exception of ¶ 29, and that portion of ¶ 43 that recounted the relevant conduct set forth in ¶ 29. On Count 6, Defendant Kindle had a base offense level of 32 because he was held responsible for 3,952.6 grams of cocaine, 41.6 grams of cocaine base, and 19.9 grams of marijuana. PSR, ¶ 43; U.S.S.G. § 2D1.1(c)(3) & Comment n. 10. Due to the fact that Defendant Kindle qualified as a Career Offender, however, and the maximum statutory penalty for Count 6 was life imprisonment, his offense level was raised to 37. U.S.S.G. § 4B1.1(b); 21 U.S.C. § 841(b)(1)(B). Defendant Kindle also qualified for a three-level downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1. Accordingly, Defendant Kindle's final offense level for Count 6 was 34.

Defendant Kindle had 13 criminal history points. He also qualified for a two-level enhancement because he committed the instant offense of conviction within two years of release from confinement. U.S.S.G. §

4A1.1(e). Accordingly, Defendant Kindle's criminal history point total was 15, which placed him in criminal history Category VI.[1] An offense level of 34 and criminal history Category VI called for a sentence of 262-327 months imprisonment, which was in Zone D of the Guideline range.[2] For Count 8, there is a statutory minimum 60 month term of imprisonment, to run consecutively to any sentence imposed for Count 6. 18 U.S.C. § 924(c)(1). Accordingly, for Counts 6 and 8, Defendant Kindle's sentencing range was 322-387 months. The Government, however, made a motion for downward departure of 20% from the guideline minimum for Defendant's substantial assistance to the Government.

THEREFORE, after considering the case file, the PSR, the statements of counsel, letters on Defendant Kindle's behalf, the Defendant's own statement, the applicable sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant Kindle to 165 months imprisonment for Count 6, and 60 months imprisonment for Count 8, to run consecutively to the sentence for Count 6, for a total

---

[1] If Defendant Kindle were not already in criminal history Category VI, he would automatically be placed there because he is a Career Offender. U.S.S.G. § 4B1.1(b).

[2] The Court noted that the U.S.S.G. are advisory, pursuant to United States v. Booker, 125 S. Ct. 738 (2005).

sentence of imprisonment of 225 months.[3] Kindle was also ordered to pay a $200.00 special assessment, payable to the Clerk of the Court, due immediately. No fine or restitution was ordered. After his release from prison, Defendant Kindle was ordered to serve a period of eight years of supervised release on Count 6, and five years of supervised release on Count 8, to run concurrently. In accordance with the Defendant's request, the Court recommended to the Bureau of Prisons that he be placed in the facility at Greenville, Illinois, and be allowed to participate in intensive drug treatment.

The Government's Motion to Dismiss Counts 1 through 5, and 7, pursuant to the Plea Agreement, was ALLOWED. Appeal admonishments were given.

IT IS THEREFORE SO ORDERED.

ENTER:  June 9, 2005.

---

[3] The Court noted that Defendant Kindle's cooperation with authorities required substantial personal risk which was not adequately reflected in the Government's motion. Kindle's further effort to cooperate was compromised by the Government agents' inadequate efforts to avoid detection during surveillance. The Court concluded a 30% departure was consistent with other Government departure recommendations in similar cases where defendants gave similar levels of cooperation and took similar risks. The Court found that his cooperation merited a 30% reduction from the low-end of the sentencing range (322 months), or a total sentence of 225 months (30% of 322 months equals 97 months). The Court applied the entire reduction to Count 6, thereby reducing it from 262 months to 165 months.

FOR THE COURT:

>                   s/ Jeanne E. Scott
>                 JEANNE E. SCOTT
>         UNITED STATES DISTRICT JUDGE