# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

## NOTICE OF ISSUANCE OF MANDATE

DATE:   July 27, 2006

TO:     John M. Waters
        United States District Court
        Central District of Illinois
        151 U.S. Courthouse
        600 E. Monroe Street
        U.S. Courthouse & Federal Building
        Springfield, IL  62701

FROM:   Clerk of the Court

RE:     05-2741
        USA v. Kindle, Jerome
        03 CR 30020, Jeanne E. Scott, Judge

**FILED**
JUL 28 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any.  A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

**ENCLOSED:**                                           **TO BE RETURNED AT LATER DATE:**
[1]     Volumes of pleadings                            [ ]
[ ]     Volumes of loose pleadings                      [ ]
[1]     Volumes of transcripts                          [ ]
[ ]     Volumes of exhibits                             [ ]
[ ]     Volumes of depositions                          [ ]
[3]     In Camera material                              [ ]
[ ]     Other_____            [ ]

        Record being retained for use                   [ ]
        in Appeal No. _____

        Copies of this notice sent to:      Counsel of record
        [X]     United States Marshal
        [X]     United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice.  Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Received above mandate and record, if any, from the Clerk, U.S.
        Court of Appeals for the Seventh Circuit.
Date:   _____    _____
(1071-120397)                                Deputy Clerk, U.S. District Court

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604



JUDGMENT - WITH ORAL ARGUMENT

Date: July 5, 2006

BEFORE:      Honorable WILLIAM J. BAUER, Circuit Judge

Honorable KENNETH F. RIPPLE, Circuit Judge

Honorable DIANE P. WOOD, Circuit Judge

No. 05-2741

UNITED STATES OF AMERICA,
            Plaintiff - Appellee
   v.

JEROME KINDLE,
            Defendant - Appellant

Appeal from the United States District Court for the
Central District of Illinois
No. 03 CR 30020, Jeanne E. Scott, Judge

   The judgment of the District Court is AFFIRMED,
in accordance with the decision of this court entered on this date.

(1061-110393)

A True Copy:
   Teste:
   [signature] deputy clerk
Clerk of the United States
Court of Appeals for the
Seventh Circuit



In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 05-2741

UNITED STATES OF AMERICA,

                                  *Plaintiff-Appellee,*

v.

JEROME KINDLE,

                                  *Defendant-Appellant.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 03 CR 30020—Jeanne E. Scott, *Judge.*

---

ARGUED JANUARY 10, 2006—DECIDED JULY 5, 2006

---

Before BAUER, RIPPLE, and WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* Jerome Kindle pleaded guilty to possession of five or more grams of cocaine base with the intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. He appeals the district court's finding that he qualified as a Career Offender and contends that the court should have used a lower Sentencing Guideline range. We affirm the decision of the district court.

### I. Background

On March 6, 2003, a federal grand jury charged Jerome Kindle with four counts of distribution of cocaine, 21 U.S.C. § 841(a)(1), (counts one through four); one count of

possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (count five); one count of possession of five or more grams of cocaine base with the intent to distribute, 21 U.S.C. § 841(a)(1), (count six); one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), (count seven); and one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), (count eight).

On April 30, 2004, Kindle pleaded guilty to counts six and eight. His guilty pleas were entered pursuant to a written plea agreement. While Kindle waived his right to appeal the sentence, he expressly reserved the right to appeal Judge Jeanne Scott's finding that under U.S.S.G. § 4B1.1 he qualified as a Career Offender. He also expressly reserved the right to appeal any upward departure from the applicable Sentencing Guideline range.

The Pre-Sentence Report (PSR) determined that Kindle was a Career Offender under U.S.S.G. § 4B1.1 with a criminal history of category VI and an offense level of 37. The district court found that as a Career Offender, Kindle's offense level was 34, which included a three-point downward adjustment for accepting responsibility under U.S.S.G. § 3E1.1. Judge Scott also concluded that Kindle's criminal history category was VI. Based on his prior record, Kindle's criminal history point total was 15, placing him in criminal history category VI regardless of a Career Offender finding. The resulting advisory Sentencing Guideline range for an offense level of 34 and criminal history category VI was 262 to 327 months on count six and a consecutive 60 months on count eight.[1] The government recommended a 20 percent reduction from the low-end of the Guideline range and a sentence of 257 months

---

[1] The district court noted that the United States Sentencing Guidelines are advisory, pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

in prison. But, employing judicial discretion and noting Kindle's cooperation with authorities that included substantial personal risk, Judge Scott instead concluded that a 30 percent departure from the low-end of the Guideline range was appropriate. She applied the 30 percent reduction to the total sentence, reducing Kindle's time in prison from 322 months to 225 months. The court further sentenced Kindle to eight years of supervised release and ordered him to pay a $200 special assessment. The court granted the government's motion to dismiss the remaining counts of the indictment. The district court sentenced Kindle on June 3, 2005, and he filed a timely appeal.

## II. Analysis

The main issue for our review is whether the district court erred in finding that Kindle qualified as a Career Offender under U.S.S.G. § 4B1.1. Kindle specifically appeals the district court's reliance on a 1996 conviction for second-degree burglary in Missouri. He argues that because neither the charging papers nor his guilty plea from the 1996 conviction state that Kindle had burglarized a "dwelling," his second-degree burglary conviction should not be considered a "crime of violence" and therefore he should not be labeled a Career Offender under the Sentencing Guidelines.

Whether the district court erred in sentencing Kindle as a Career Offender is a question of law that we review *de novo*. *United States v. Hoults*, 240 F.3d 647, 650 (7th Cir. 2001). Similarly, the question of whether an offense constitutes a "crime of violence" for purposes of sentencing is also subject to *de novo* review. *United States v. Bryant*, 310 F.3d 550, 552 (7th Cir. 2002).

The PSR suggested that Kindle should be considered a Career Offender for sentencing purposes because he had

two prior felony convictions for "crimes of violence" as defined in U.S.S.G. § 4B1.2, namely, a 1990 involuntary manslaughter conviction and a 1996 second-degree burglary conviction. Under the Guidelines, a defendant is deemed a Career Offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

To clarify U.S.S.G. § 4B1.1(a)(3), we must look to the definition of a "crime of violence" under the Guidelines. A "crime of violence" for Career Offender purposes is defined in U.S.S.G. § 4B1.2, and provides:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

Kindle focuses his appeal on the elements of his second-degree burglary conviction and whether it can be considered a "crime of violence." Specifically, Kindle argues that the Missouri Second-Degree Burglary Statute, which defines the burglary as "knowingly enter[ing] unlawfully or knowingly remain[ing] unlawfully in a building or inhabitable structure for the purpose of committing a crime therein," foreclosed the district court from finding that the second offense constituted a crime of violence because the burglary of a dwelling is not an element of the offense. MO. ANN. STAT. § 569.170 (West 1996). Because in Missouri, inhabitable structures include both dwellings and non-dwellings, Kindle contends that the district court made an improper logical leap in using the terms "inhabitable structure" and "dwelling" interchangeably. Further, Kindle argues that at sentencing the Judge was not permitted to draw any conclusions about Kindle's past convictions beyond the face of the charging documents and statutory definitions of those crimes. What Kindle does not account for, however, is the actual wording of his plea agreement in this case and the entirety of the discussion at sentencing.

In the district court, Kindle objected to the PSR's recommendation and Judge Scott's conclusion that he qualified as a Career Offender under U.S.S.G. § 4B1.1. In objecting to the Career Offender finding, counsel described the conduct underlying Kindle's burglary conviction. It appears from the record that Kindle's strategy in the district court was an attempt to minimize the crime. Counsel characterized the offense underlying the burglary conviction as a theft rather than a burglary, since, he reasoned, at all times Kindle was in the victim's home with permission. He argues that it was a minor theft, of several hundred dollars worth of CDs and clothes, and thus hardly constituted a "crime of violence." Yet, for all the various reasons defendants plead guilty, which are neither here nor there for our purposes, Kindle entered a guilty plea to the second-degree burglary charge. Underscoring counsel's

6                              No. 05-2741

discussion of the home Kindle was in when he committed second-degree burglary is the plea agreement in the instant case. Kindle admits in paragraph 26 of his plea agreement that the second-degree burglary was of a residence in Cape Girardeau, Missouri. Kindle's argument that an admission in court papers or in plea agreements should be ignored is, as we said at oral argument, striking.

The admissions in this case distinguish it from *United States v. Hoults*. In *Hoults*, the PSR and the district judge impermissibly relied on information outside the record to find that defendant's second-degree burglary was of a habitable structure. 248 F.3d 647. The reasoning and holding in *Hoults* still applies. Courts are not permitted to make assumptions nor conduct proceedings or investigations "to fill in the gaps" on the conduct involved in a previous conviction. *Hoults*, 248 F.3d at 651. A court reviewing a defendant's record for Career Offender qualification purposes should ask only what the defendant's conviction was, and the only thing that answers that question is the charging document. But, if a defendant offers an admission in court papers or colloquy, as Kindle does here in his plea agreement and during sentencing, the proper enquiry into the previous conviction no longer matters because the answer is in the form of an admission in the record. The Supreme Court held in *Shepard v. United States* that a court's enquiry is "limited to the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was *confirmed by the defendant*, or to some *comparable judicial record* of this information." 544 U.S. 13, 26 (2005) (emphasis added).

It is true, as Kindle urges, that facts gleaned from *later* sources cannot be used to construe the original conviction. *Hoults*, 240 F.3d at 651. But, if the later source is the defendant or counsel offering an admission in colloquy to garner leniency in sentencing, the court need not turn a

No. 05-2741                              7

blind eye to the facts brought forth by the defendant. Whether for strategic reasons or otherwise, Kindle admitted in his plea agreement and at his sentencing that the 1996 conviction was for a burglary in his friend's home. While Kindle preserved his right to appeal the district court's finding that he qualified as a Career Offender, he did waive his right to challenge the admission in the plea agreement and at sentencing. We have long held that strategic decisions at trial have appellate consequences: "There may be sound strategic reasons why a criminal defendant will elect to pursue one sentencing argument while also choosing to forego another, and when the defendant selects as a matter of strategy, he also waives those arguments he decided not to present" *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005) (citing *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001)). *See also United States v. Richardson*, 238 F.3d 837, 841 (7th Cir. 2001).

Kindle's plea agreement explicitly declares that his 1996 conviction was for burglary of a dwelling. Further, Kindle's counsel at sentencing repeatedly represented to Judge Scott in colloquy that Kindle was in the friend's home with permission, a strategy that was employed to gain sympathy and discretion from the court. Kindle's second-degree burglary therefore fits the definition of a "crime of violence" under U.S.S.G. § 4B1.2. Given Kindle's admissions, we affirm the district court's finding that Kindle qualified as a Career Offender.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

8                              No. 05-2741

A true Copy:

   Teste:

                _____

                *Clerk of the United States Court of*
                  *Appeals for the Seventh Circuit*

A True Copy:
   Teste:

*[signature]* deputy clerk

Clerk of the United States
Court of Appeals for the
Seventh Circuit